IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOMIN NIMAMAC,                      )
                                    )
           Petitioner,              )
                                    )     3:26-cv-01292
v.                                  )
                                    )
WARDEN et al.,                      )
                                    )
           Respondents.             )
                                    )

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Guatemala, is currently detained at Moshannon Valley Processing Center. He entered the United States without inspection in or around 2012, and has remained in the United States since that time. Petitioner was arrested and detained on or around June 6, 2026. Alongside his Petition for Writ of Habeas Corpus, Petitioner filed a Motion for Temporary Restraining Order, (ECF No. 2), which the Court denied on the ground Petitioner had not demonstrated he would suffer an irreparable harm absent injunctive relief, (ECF No. 3). The Immigration and Customs Enforcement ("ICE") agents and the local Police Officer who detained Petitioner that day determined that he was unlawfully present in the United States. Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 8, at 2).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 addresses detention of "applicants for admission" to the United States. *Bethancourt Soto v.*

1

*Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Although our Court of Appeals has yet to weigh in on this issue, this Court joins the United States Courts of Appeals for the Second, Sixth, Tenth, and Eleventh Circuits, and the overwhelming majority of district courts — numbering at least 350 — in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *Santillan Quiroz v. Mullin*, No. 26-6019 (10th Cir. June 30, 2026); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506-14 (S.D.N.Y. 2025) (collecting 350 cases). The Court's conclusion also aligns with the reasoning of Judge Lee's Opinion for the United States Court of Appeals for the Seventh Circuit. *Castanon Nava v. DHS*, 175 F.4th 828 (7th Cir. 2026). The Court concludes that those decisions supply the appropriate legal rule as to this issue in the context of this matter, as opposed to the decisions reached by the Fifth and Eighth Circuits. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *but see Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026) (holding that Due Process requires a bond hearing be held after 90 days even when detention is pursuant to Section 1225). In the circumstances presented, Petitioner's detention is governed by § 1226(a), and he has a right to an individualized bond hearing.

Petitioner also seeks now an award of attorney's fees and expenses. However Petitioner has filed this case *pro se*, and has not provided any evidence he is licensed to practice law in this, or any United States jurisdiction. The Supreme Court has explicitly declared that "a *pro se* litigant

who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Thus, Petitioner is not entitled to any attorney's fees.

AND NOW, this 14th day of July, 2026, IT IS HEREBY ORDERED that Petitioner's

Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART.

It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized

bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7)

days thereafter, the parties shall provide notice to the Court in a filing on the docket of the outcome

of the bond hearing. If Petitioner is released as a result of the aforementioned individualized bond

hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds

or property which may have been seized from him at the time of his arrest or which is otherwise

in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE

to the extent Petitioner seeks any additional relief at this time. The Court retains jurisdiction over

the action and the parties pending further proceedings.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026

CC: All counsel of record.

3